UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEREMY DEVAR LUCKETT,

    Plaintiff,

v.                                                  Case No. 3:21cv672-MCR-HTC

OFFICER M. MARTIN,
OFFICER K. BODLEY,
ESCAMBIA COUNTY JAIL,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On April 14, 2021, while he was a pretrial detainee at the Escambia County Jail, Plaintiff Jeremy Devar Luckett filed a *pro se* complaint under 42 U.S.C. § 1983, attempting to assert excessive force claims against jail personnel. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because, as described more fully below, Plaintiff has failed to prosecute this case and has failed to comply with Court orders, the undersigned respectfully recommends this case be dismissed without prejudice.

Luckett did not pay the filing fee at the time of filing the complaint and filed a deficient motion for leave to proceed *in forma pauperis*, and so, on April 20, 2021,

this Court denied Plaintiff's motion to proceed *in forma pauperis* and gave Plaintiff twenty-one (21) days to pay the full filing fee or submit a second and complete motion to proceed *in forma pauperis*. ECF Doc. 4. Despite the Court's directive that "failure to comply with this order as instructed may result in a recommendation that this case be dismissed," Plaintiff did not comply with that order.

Thus, on May 19, 2021, Plaintiff was ordered to show cause by June 2, 2021, why his case should not be recommended for dismissal for failure to prosecute and failure to comply with orders of the Court. ECF Doc. 5. Plaintiff did not respond to that order, and the time for doing so has expired. Also, the online docket information from his Escambia County case (2020 CF 5632) and the inmate release records of the Escambia County Jail show that Plaintiff was released from the jail on May 25, 2021 after being sentenced to time served. Therefore, Plaintiff may not be interested in continuing to litigate this case. Regardless, Plaintiff has also not notified the Court of a change in address.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims

where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007).

As noted above, Plaintiff has been given an opportunity to show cause and has not. Also, a magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This

Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 9th day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** from the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.